Joseph R. Re (State Bar No. 134,479)
joseph.re@kmob.com
Stephen C. Jensen (State Bar No. 149,894)
stephen.jensen@kmob.com
Jarom D. Kesler (State Bar No. 239,136)
jarom.kesler@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
NATUS MEDICAL INCORPORATED

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATUS MEDICAL INCORPORATED, a Delaware corporation and BAYCREST CENTRE FOR GERIATRIC CARE, an Ontario, Canada corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTELLIGENT HEARING SYSTEMS, a Florida corporation,<br><br>Defendant. | Civil Action No. 10-cv-707 HRL<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT OF U.S. PATENT NOS. 5,601,091; 5,916,174; 6,602,202; 6,832,663; 7,014,613; and 7,399,282**<br><br>**DEMAND FOR JURY TRIAL** |

First Amended Complaint for Patent Infringement

Plaintiffs Natus Medical Incorporated, a Delaware corporation ("Natus") and Baycrest Centre for Geriatric Care ("BCGC"), an Ontario, CA corporation hereby complain of Defendant Intelligent Hearing Systems ("IHS"), a Florida corporation and allege as follows:

## JURISDICTION AND VENUE

1. This Complaint states causes of action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and, more particularly, 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. Upon information and belief, IHS conducts business throughout the United States, including in this judicial district, and has committed the acts complained of in this judicial district and elsewhere.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## PARTIES

4. Natus is a Delaware corporation having its principal place of business at 1501 Industrial Road, San Carlos, CA.

5. BCGC is an Ontario, Canada corporation having its principal place of business at 3560 Bathurst Street, Toronto, Ontario CA.

6. Upon information and belief, IHS is a Florida corporation having its principal place of business at 6860 Southwest 81st Street, Miami, FL.

## ALLEGATIONS FOR ALL CLAIMS OF RELIEF

7. On February 11, 1997, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 5,601,091 ("the '091 patent"), titled "Audiometric Apparatus and Associated Screening Method." Natus owns the '091 patent by assignment. A copy of the '091 patent is attached hereto as Exhibit A.

8. On June 29, 1999, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 5,916,174 ("the '174 patent"), titled "Audiometric Apparatus

///

and Association Screening Method." Natus owns the '174 patent by assignment. A copy of the '174 patent is attached hereto as Exhibit B.

9. On August 5, 2003, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,602,202 ("the '202 patent"), titled "System and Methods for Objective Evaluation of hearing Using Auditory Steady-State Responses." BCGC owns the '202 patent by assignment. Natus is the exclusive licensee of the '202 patent. A copy of the '202 patent is attached hereto as Exhibit C.

10. On December 21, 2004, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,832,663 ("the '663 patent"), titled "Ear Coupler." Natus owns the '663 patent by assignment. A copy of the '663 patent is attached hereto as Exhibit D.

11. On March 21, 2006, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,014,613 ("the '613 patent"), titled "System and Methods for Objective Evaluation of hearing Using Auditory Steady-State Responses." BCGC owns the '613 patent by assignment. Natus is the exclusive licensee of the '613 patent. A copy of the '613 patent is attached hereto as Exhibit E.

12. On July 15, 2008, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,399,282 ("the '282 patent"), titled "System and Methods for Objective Evaluation of hearing Using Auditory Steady-State Responses." BCGC owns the '282 patent by assignment. Natus is the exclusive licensee of the '282 patent. A copy of the '282 patent is attached hereto as Exhibit F.

13. Natus has marked its competing product, the Flexicoupler, which it has manufactured and sold under the '663 patent with the number of the '663 patent in accordance with 35 U.S.C. § 287(a).

## CLAIM 1: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 5,601,091 BY IHS

14. Natus repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–13 of this Complaint.

15. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

16. Without authority, IHS, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '091 patent, has actively induced others to do the same and/or has contributed to others' performance of the same. IHS has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '091 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c). This infringement is currently ongoing. The products relating to IHS's infringement includes the SmartScreener Plus-2 product.

17. Upon information and belief, IHS has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '091 patent in an amount that is not presently known to Natus. Due to the infringement of the '091 patent by IHS, Natus has been damaged and is entitled to monetary relief in an amount to be determined at trial.

18. Unless IHS is enjoined from infringing the '091 patent, Natus will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 2: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 5,916,174 BY IHS

19. Natus repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–18 of this Complaint.

20. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

21. Without authority, IHS, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '174 patent, has actively induced others to do the same and/or has contributed to others' performance of the same. IHS has thereby infringed, actively induced others to infringe and/or contributed to

1  others' infringement of one or more claims of the '174 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c). This infringement is currently ongoing. The products relating to IHS's infringement includes the SmartScreener Plus-2 product.

22. Upon information and belief, IHS has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '174 patent in an amount that is not presently known to Natus. Due to the infringement of the '174 patent by IHS, Natus has been damaged and is entitled to monetary relief in an amount to be determined at trial.

23. Unless IHS is enjoined from infringing the '174 patent, Natus will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 3: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 6,602,202 BY IHS

24. Natus and BCGC repeat, reallege and incorporate by reference the allegations set forth in paragraphs 1–23 of this Complaint.

25. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

26. Without authority, IHS, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '202 patent, has actively induced others to do the same and/or has contributed to others' performance of the same. IHS has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '202 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c). This infringement is currently ongoing. The products relating to IHS's infringement includes the SmartScreener Plus-2 and SmartEP-ASSR products.

27. Upon information and belief, IHS has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '202 patent in an amount that is not presently known to Natus and BCGC. Due to the

infringement of the '202 patent by IHS, Natus and BCGC have been damaged and are entitled to monetary relief in an amount to be determined at trial.

28. Unless IHS is enjoined from infringing the '202 patent, Natus and BCGC will continue to suffer irreparable injury for which it has no adequate remedy at law.

### CLAIM 4: CLAIM FOR INFRINGEMENT OF
### U.S. PATENT NO. 6,832,663 BY IHS

29. Natus repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–28 of this Complaint.

30. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

31. Without authority, IHS, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '663 patent, has actively induced others to do the same and/or has contributed to others' performance of the same. IHS has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '663 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c). This infringement is currently ongoing. The products relating to IHS's infringement includes the Earhug product.

32. Upon information and belief, IHS has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '663 patent in an amount that is not presently known to Natus. Due to the infringement of the '663 patent by IHS, Natus has been damaged and is entitled to monetary relief in an amount to be determined at trial.

33. Unless IHS is enjoined from infringing the '663 patent, Natus will continue to suffer irreparable injury for which it has no adequate remedy at law.

/ / /

/ / /

/ / /

## CLAIM 5: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 7,014,613 BY IHS

34. Natus and BCGC repeat, reallege and incorporate by reference the allegations set forth in paragraphs 1–33 of this Complaint.

35. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

36. Without authority, IHS, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '613 patent, has actively induced others to do the same and/or has contributed to others' performance of the same. IHS has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '613 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c). This infringement is currently ongoing. The products relating to IHS's infringement includes the SmartScreener Plus-2 and SmartEP-ASSR products.

37. Upon information and belief, IHS has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '613 patent in an amount that is not presently known to Natus and BCGC. Due to the infringement of the '613 patent by IHS, Natus and BCGC have been damaged and are entitled to monetary relief in an amount to be determined at trial.

38. Unless IHS is enjoined from infringing the '613 patent, Natus and BCGC will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 6: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 7,399,282 BY IHS

39. Natus and BCGC repeat, reallege and incorporate by reference the allegations set forth in paragraphs 1–38 of this Complaint.

40. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

First Amended Complaint for Patent Infringement

41.     Without authority, IHS, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '282 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  IHS has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '282 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.  The products relating to IHS's infringement includes the SmartScreener Plus-2 or SmartEP-ASSR products.

42.     Upon information and belief, IHS has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '282 patent in an amount that is not presently known to Natus and BCGC.  Due to the infringement of the '282 patent by IHS, Natus and BCGC have been damaged and are entitled to monetary relief in an amount to be determined at trial.

43.     Unless IHS is enjoined from infringing the '282 patent, Natus and BCGC will continue to suffer irreparable injury for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

Natus and BCGC respectfully pray for:

A.     An order adjudging IHS to have infringed each of the '091, '174, '202, '663, '613 and '282 patents;

B.     A permanent injunction enjoining IHS, as well as its officers, agents, servants, employees, and attorneys and those persons in active concert or participation with IHS, from infringing the '091, '174, '202, '663, '613 and '282 patents;

C.     An accounting of all gains, profits, and advantages derived by IHS's infringement of the '091, '174 and '663 patents and an award of damages adequate to compensate Natus for IHS's infringement of the '091, '174, and '663 patents;

/ / /

/ / /

D. An accounting of all gains, profits, and advantages derived by IHS's infringement of the '202, '613 and '282 patents and an award of damages adequate to compensate Natus and BCGC for IHS's infringement of the '202, '613 and '282 patents;

E. An award of pre-judgment and post-judgment interest and costs of this action against IHS;

F. An award to Natus and BCGC of its attorneys' fees incurred in connection with this action; and

G. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 2, 2010      By: *s/Stephen C. Jensen*
                                      Stephen C. Jensen
                                      Joseph R. Re
                                      Jarom D. Kesler

                                      Attorneys for Plaintiff
                                      NATUS MEDICAL INCORPORATED

- 8 -
First Amended Complaint for Patent Infringement

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Natus Medical, Inc. and Baycrest Centre For Geriatric Care hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 2, 2010                By: *s/Stephen C. Jensen*
                                        Stephen C. Jensen
                                        Joseph R. Re
                                        Jarom D. Kesler

                                        Attorneys for Plaintiff
                                        NATUS MEDICAL INCORPORATED

8719484
031510

- 9 -
First Amended Complaint for Patent Infringement